## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

### CASE NO.

**DIANNA MARIE MAULDEN,**

    **Plaintiff,**

**vs.**

**CALHOUN COUNTY SCHOOL BOARD,**
**and RONNIE HAND, individually,**

    **Defendant,**

_____/

### COMPLAINT

Plaintiff, DIANNA MARIE MAULDEN, hereby sues Defendants, CALHOUN COUNTY

SCHOOL BOARD, and RONNIE HAND, individually, and alleges:

### JURISDICTION

1.    This is an action involving the violation of Plaintiff's rights under the First

Amendment and contains a state cause of action under §112.3187, Florida Statutes.  Jurisdiction of

this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343

(civil rights claim jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).  Demand is made

herein for an amount in excess of Seventy Five Thousand Dollars ($75,000.00).  Declaratory,

injunctive, legal and equitable relief are sought pursuant to the laws set forth above together with

attorneys fees, costs and damages.

### PARTIES

2.    Plaintiff, DIANNA MARIE MAULDEN, has been a resident of Calhoun County,

Florida. The incidents alleged herein occurred in Calhoun County and she is *sui juris*.

3.     Defendant, CALHOUN COUNTY SCHOOL BOARD (hereinafter "School Board"), at all times pertinent to this action, was conducting business in Calhoun County, Florida and was responsible for administering public schooling in Calhoun County, Florida.  At all times pertinent hereto, Tommy McClellan was the Superintendent of School for the Calhoun County School District and was the final policy maker with respect to the discipline of Principals, Assistant Principals and teachers.

4.     Defendant, RONNIE HAND (hereinafter "Hand"), at all times pertinent to this action, resided in Calhoun County, Florida.  He is thus *sui juris*.  He is/was the Principal of Altha Public School at all times pertinent to this action.

## CONDITIONS PRECEDENT

5.     Plaintiff has filed this action in accordance with §112.3187, et seq., Florida Statutes, within 180 days of the latest event giving rise to a claim under this statute.  All conditions, if any, precedent to filing suit have been satisfied and/or there are no such conditions required prior to suit being filed.  Plaintiff has thus exhausted all administrative remedies.

## GENERAL ALLEGATIONS

6.     Plaintiff was originally employed with Defendant Calhoun County School Board on January 13, 2009, as a custodian at Altha Public School.  She remained in that capacity until she was forced to resign on May 6, 2009.

7.     Plaintiff was forced to resign in lieu of being terminated after reporting violations of laws, rules, regulations, or malfeasance, misfeasance and/or gross misconduct by employees and/or agents of the Schol Board and/or persons affiliated and/or employed with the School Board.

Additionally or alternatively, Plaintiff was forced to resign after engaging in speech that was of public concern.

8.      Specifically, on or around Monday May 4, 2009, a health inspector came to Altha Public School. Phyllis Lord, a custodian, told the inspector that the home economics room was infested with rats and roaches. However, the inspector thereafter operated under the false information that Plaintiff was Phyllis Lord, as custodian Jonah Brackens had wrongly informed the inspector. Under information and belief, Defendant Hand thus believed the report of the infestation to have come from Plaintiff.

9.      Plaintiff reported to Defendant Hand violations of, specifically and without limitation, health, sanitation, and/or education laws, rules, and regulations. By way of example, Plaintiff reported to Defendants that the school lunchroom personnel was "double dipping" by repeatedly tasting soup out of a pot that would feed about 500 students, then returning the utensil back into the soup. Further, Defendant's lunchroom manager confronted Plaintiff, believing Plaintiff "called the state" about lunchroom personnel preparing food without lights turned on.

10.     Additionally, Plaintiff personally observed April Adkins, a teacher at Altha Public Schools, repeatedly verbally and mentally abuse a student. In response, Plaintiff visited the student's grandfather outside of school at his place of business. Plaintiff publicized the mistreatment of the student by Adkins.

11.     Defendants swiftly and immediately told Plaintiff she must resign from her employment or else she would be fired. On or around May 6, 2009, Defendant Hand and other agents of Defendant School Board confronted Plaintiff with contrived allegations of stealing school property. These allegations were untrue and Hand knew or should have known the allegations were

untrue.  Nevertheless, Plaintiff was informed that action had to be taken and she was forced to write a letter of resignation or be fired.  Plaintiff's first letter draft was unsatisfactory to Defendant Hand when it did not comport with what he wanted.  Defendant Hand tore up her letter and forced Plaintiff to write a second letter of involuntary resignation.

12.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a reasonable fee for her services.  Defendant should be made to pay said fee and any costs associated with this action.

## COUNT I

### WHISTLE-BLOWER RETALIATION

13.     Paragraphs 1-12 are hereby re-alleged and incorporated herein by reference.

14.     This is an action against Defendants under §112.3187 et seq., Florida Statutes.

15.     Plaintiff was a public employee protected under the provisions of Chapter 112, Florida Statutes.

16.     As stated more specifically, in part, above, Plaintiff reported and disclosed violations of rules, regulations and/or laws and/or malfeasance, misfeasance and/or gross misconduct to persons inside and outside of her normal chain of command and others having the authority to investigate, police, manage and otherwise remedy the violations of rules, regulations and laws reported by Plaintiff.  Plaintiff reported malfeasance, misfeasance, and other acts specifically outlined in §112.3187(5), et seq., Florida Statutes.

17.     After reporting these matters as related in part above, Plaintiff was the victim of retaliatory actions set forth in part above.

18.     Plaintiff's forced resignation from Altha Public School was a direct adverse effect

4

as a result of her reporting violations of rules, regulations, or laws specified in part above.

19.    Plaintiff maintains that the actions of all employees within Defendant who affected her employment adversely did so at least in part in retaliation against her for her "whistle blowing" activities.

20.    As a direct and proximate result of the actions taken against her by Defendants, Plaintiff has suffered injury, including but not limited to past and future wage losses, loss of benefits, and other damages. These damages have occurred in the past, are occurring at present and will occur in the future.

## COUNT II - FIRST AMENDMENT RETALIATION AGAINST DEFENDANT SCHOOL BOARD

21.    Paragraphs 1-12 are incorporated herein by reference. This Count is pled in the alternative.

22.    Defendant operated to violate Plaintiff's rights under the First Amendment to the Constitution of the United States of America, and violated Plaintiff's right to be free from retaliation in the exercise of free speech. All such claims are applicable to Defendant under the Fourteenth Amendment. The actions of Defendant, through its employees and agents, were taken in violation of Plaintiff's clearly established right under the First Amendment of the United States Constitution to be free from retaliation motivated by the exercise of her First Amendment speech rights. The laws which form the basis for this claim identified herein were clearly established in 2009, the time when the aforementioned actions took place. These violations were of the type and character as to which any reasonable person would be aware.

23.    Plaintiff engaged in constitutionally protected speech by making public statements and engaging in expression outside the course and scope of performing her official duties with the

Defendant School Board.  Plaintiff's statements regarded possible abuse and/or neglect of a child by a public servant vested with authority to safeguard the well-being of the community's children and was therefore was a matter of public concern.  Plaintiff conducted her speech to the general public outside her workplace.

24.     After engaging in protected speech as related in part above, Plaintiff was the victim of retaliatory actions set forth in part above.  Defendant, through its agents and employees, infringed on Plaintiff's constitutionally protected interest in freedom of expression by forcing her to resign from her employment in retaliation for her protected speech.  Plaintiff's protected speech was a substantial or motivating factor in her forced resignation.  At the time that Plaintiff made statements in a place of business, she was engaged in protected First Amendment activity.  Defendant's participation in the adverse employment action against Plaintiff is the type of retaliatory conduct that would deter a person of ordinary sensibilities from exercising his First Amendment right to speak.

25.     As a direct and proximate cause of the actions of Defendant, Plaintiff was forced to resign.  She suffered lost wages, benefits and other tangible damages.  She has also sustained emotional pain and suffering damages, loss of the capacity for the enjoyment of life and other intangible damages.  These losses have occurred in the past, at present and are certain to occur into the future.

**COUNT III - FIRST AMENDMENT RETALIATION AGAINST HAND**

26.     Paragraphs 1-12 are incorporated herein by reference.  This Count is pled in the alternative.

27.     Defendant operated to violate Plaintiff's rights under the First Amendment to the Constitution of the United States of America, and violated Plaintiff's right to be free from retaliation

in the exercise of free speech.  All such claims are applicable to Defendant under the Fourteenth Amendment.

28.     Plaintiff engaged in constitutionally protected speech by making public statements and engaging in expression outside the course of performing her official duties with the Defendant School Board.  Plaintiff's statement regarded possible abuse and/or neglect of a child by a public servant vested with authority to safeguard the well-being of the community's children and was therefore was a matter of public concern.  Plaintiff conducted her speech to the general public outside her workplace.

29.     After engaging in protected speech as related in part above, Plaintiff was the victim of retaliatory actions set forth in part above. Defendant Hand was the final decision maker in the effort to discipline and then terminate Plaintiff.  Defendant infringed on Plaintiff's constitutionally protected interest in freedom of expression by forcing her to resign from her employment in retaliation for her protected speech.  Plaintiff's protected speech was a substantial or motivating factor in her forced resignation.  At the time that Plaintiff made statements in a place of business, she was engaged in protected First Amendment activity.

30.     Defendant Hand was the main participant in and/or made the decision to require Plaintiff to resign or be terminated after she expressed matters of public concern outside the scope of her employment with the School Board.  At all times pertinent hereto, Hand was acting under color of state law and in the course and scope of his employment when he made the decision to and/or participated in the adverse employment action against Plaintiff.  Defendant's participation in forcing Plaintiff to resign is the type of retaliatory conduct that would deter a person of ordinary sensibilities from exercising his First Amendment right to speak.  The actions of Defendant, were

taken in violation of Plaintiff's clearly established right under the First Amendment of the United States Constitution to be free from retaliation motivated by the exercise of her First Amendment speech rights. The laws which form the basis for this claim identified herein were clearly established in 2009 and thereafter, the time when the aforementioned actions took place. These violations were of the type and character as to which any reasonable person would be aware.

31.    As a direct and proximate cause of the actions of Defendant, Plaintiff was forced from her employment. She suffered lost wages, benefits and other tangible damages. She has also sustained emotional pain and suffering damages, loss of the capacity for the enjoyment of life and other intangible damages. These losses have occurred in the past, at present and are certain to occur into the future. Plaintiff is entitled to punitive damages. The actions of Defendant were willful and malicious.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.    that process issue and this Court take jurisdiction over this case;

B.    judgment against the Defendants and for the Plaintiff awarding compensatory damages against Defendants and punitive damages against Defendant Hand in his individual capacity for their violations of laws enumerated herein;

C.    interest on monetary recovery obtained pursuant to federal law;

D.    judgment against the Defendants and for the Plaintiff awarding the Plaintiff damages, attorneys' fees and costs; and

E.    such further relief as is equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 1st day of November, 2009.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
ATTORNEYS FOR PLAINTIFF